**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

**ANGELA GRIMES-COUCH,**

                                **Plaintiff,**

        **v.**                                                 **1:04-cv-3769-WSD**

**TRIZEC-HAHN TBI SILVER
SPRINGS, LLC, et al.,**

                                **Defendants.**

## ORDER

This is an action arising under Title VII of the Civil Rights Act of 1964, 42

U.S.C. § 2000e, *et seq.* ("Title VII"), the Family and Medical Leave Act, 29 U.S.C.

§§ 2601-2654 (the "FMLA") and Georgia law.  This matter is before the Court on

the Magistrate Judge's Report and Recommendation [46] ("R&R") on Defendants'

Motion for Summary Judgment [24].

## I.   BACKGROUND

### A.   Factual Background

The Magistrate Judge's R&R includes a detailed discussion of the relevant

facts, both in its Factual Background section and throughout the opinion.  Except

as discussed in Section II.B, *infra*, neither party objected to the Magistrate Judge's

findings of fact and, finding no plain error, the Court adopts them as set out in the R&R.

 B. <u>Procedural History</u>

 Plaintiff filed her Complaint on December 27, 2004, asserting claims for (i) discriminatory failure to promote on the basis of race; (ii) retaliation for reporting discrimination, filing discrimination charges with the Equal Employment Opportunity Commission ("EEOC") and taking FMLA leave; (iii) violation of the FMLA for failing to allow her to take twelve weeks of FMLA leave; and (iv) intentional infliction of emotional distress.

 On August 22, 2005, Defendants filed their Motion for Summary Judgment [24]. Plaintiff filed her response on September 19, 2005 [38], and Defendants replied on October 17, 2005 [44]. On January 17, 2006, the Magistrate Judge issued her R&R [46], recommending the Court grant summary judgment for Defendants on all of Plaintiff's claims. On February 9, 2006, Plaintiff filed her Objections to the R&R ("Objections to R&R") [49], and Defendants responded to Plaintiff's objections on February 27, 2006 [50].

 In accordance with 28 U.S.C. § 636(b)(1) and Rule 72 of the Federal Rules of Civil Procedure, the Court has conducted a careful, *de novo* review of the

portions of the Report and Recommendation to which Plaintiff has objected. The Court has reviewed the remainder of the Report and Recommendation for plain error. <u>United States v. Slay</u>, 714 F.2d 1093, 1095 (11th Cir. 1983).

## II.   <u>DISCUSSION</u>

### A.    <u>The Magistrate Judge's Report and Recommendation</u>

The Magistrate Judge recommended that summary judgment be granted on all of Plaintiff's claims. First, the Magistrate Judge concluded Plaintiff failed to demonstrate she was more qualified than the person who received the promotion, and, therefore, failed to establish that Defendants' stated reasons for not promoting her were pretextual. (R&R at 18-19.) Second, the Magistrate Judge found Plaintiff's retaliation claims fail as a matter of law because (i) the incidents Plaintiff alleged do not constitute adverse employment actions, and (ii) Plaintiff cannot demonstrate Defendants' reasons for discharging and not promoting her were pretexts for unlawful action. (R&R at 19-24.) Third, the Magistrate Judge found Defendants did not deny or interfere with Plaintiff's substantive FMLA rights.[1] (R&R at 24-25.) Finally, the Magistrate Judge concluded Plaintiff's intentional

_____

[1] Plaintiff apparently abandoned this claim at the summary judgment stage.

-3-

infliction of emotional distress claim fails as a matter of law because Plaintiff's allegations are not extreme and outrageous as required to state a claim under Georgia law.  (R&R at 27.)  The Magistrate Judge's decision is thorough and, except as necessary in addressing Plaintiff's objections, will not be repeated here.

      B.      <u>Plaintiff's Objections to the Report and Recommendation</u>

Plaintiff's objections consist of general objections to the Magistrate Judge's application of the legal standards to the facts of Plaintiff's case.  Specifically, Plaintiff objects to the Magistrate Judge's determinations that (i) there is no genuine issue of material fact regarding the truthfulness of the legitimate, nondiscriminatory reasons given by Defendants for failing to promote Plaintiff, and (ii) Plaintiff's claims of retaliation fail as a matter of law.  Plaintiff did not object to the Magistrate Judge's findings that summary judgment is appropriate on Plaintiff's FMLA interference claim and her intentional infliction of emotional distress claim, and the Court finds no plain error in these determinations.

      1.      *Defendants' Legitimate, Nondiscriminatory Reasons for Failing to Promote Plaintiff*

The Magistrate Judge assumed, without deciding, that Plaintiff can establish a *prima facie* case of discriminatory failure to promote.  (R&R at 18.)  The

Magistrate Judge concluded that Plaintiff failed to present evidence that Defendants' stated reasons for promoting Ms. Hays instead of Plaintiff were pretexts for race discrimination.  (R&R at 18-19.)  Specifically, the Court found Plaintiff did not present evidence to contradict that the reasons for promoting Ms. Hays were that Ms. Hays was recommended by a supervisor and that she was more qualified than Plaintiff.  (R&R at 18.)  Plaintiff objects to the Magistrate Judge's findings, claiming (i) there is no evidence that Ms. Hays was recommended for promotion, (ii) if the recommendation was made then Mr. Canaday's consideration of it was in violation of the Defendants' promotion policy, and (iii) that Plaintiff was better qualified than Ms. Hays for the position.

To establish pretext, Plaintiff must demonstrate that race more likely than not was the reason for Defendants' failure to promote her, or show that Defendants' explanation is not worthy of belief.  "In evaluating a summary judgment motion, '[t]he district court must evaluate whether the plaintiff has demonstrated such weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions in the employer's proffered legitimate reasons for its action that a reasonable factfinder could find them unworthy of credence.'"  Jackson v. Alabama State Tenure Comm'n, 405 F.3d 1276, 1289 (11th Cir. 2005) (quoting Combs v. Plantation

Patterns, 106 F.3d 1519, 1538 (11th Cir.1997)).  To establish pretext by

demonstrating Plaintiff was more qualified for the position than the person who was

actually promoted, Plaintiff must demonstrate "that disparities in qualifications

[were] of such weight and significance that no reasonable person, in the exercise of

impartial judgment, could have chosen the candidate selected over the plaintiff for

the job in question."  Cooper v. Southern Co., 390 F.3d 695, 732 (11th Cir. 2004).[2]

    Defendants maintain that one reason for selecting Ms. Hays for promotion

was that she was recommended for promotion to the decisionmaker, Mr. Canaday,

---

[2] Plaintiff does not challenge the legal standard applied by the Magistrate
Judge for determining whether an employer's stated reasons are pretexts for
discrimination.  In Ash v. Tyson Foods, Inc., 126 S. Ct. 1195, 1197 (2006), the
Supreme Court recently questioned the Eleventh Circuit's articulation of the
standard for determining whether the asserted nondiscriminatory reasons for
defendant's employment decisions were pretextual.  The Supreme Court
specifically found the standard requiring plaintiff to demonstrate pretext by showing
a disparity in qualifications "so apparent as virtually to jump off the page and slap
you in the face" to be "unhelpful and imprecise."  Ash, 126 S. Ct. at 1197 (quoting
Cooper v. Southern Co., 390 F.3d 695, 732 (11th Cir. 2004)).  This Court believes
the standard it has described in this Order is consistent with the standard approved
by the Supreme Court in Ash and otherwise is the appropriate standard for
reviewing an employer's business decisions.  See, e.g., Texas Dep't of Cmty.
Affairs v. Burdine, 450 U.S. 248, 259 (1981) ("The fact that a court may think that
the employer misjudged the qualifications of the applicants does not in itself expose
him to Title VII liability, although this may be probative of whether the employer's
reasons are pretexts for discrimination.").

by his supervisor, Mr. Budorick.[3]  Plaintiff contends that Defendants' reliance on

Mr. Budorick's recommendation is pretextual because there is no evidence such

recommendation was ever made, and Mr. Canaday could not consider his

supervisor's recommendation because Defendants' policy required him to consider

only "objective factors." (Objections to R&R at 8, 10-11.)  Plaintiff's contention

that there is a dispute of fact whether Mr. Budorick ever made a recommendation is

not based on record evidence and Plaintiff's subjective belief regarding whether this

did or did not occur does not create a genuine issue of material fact.[4]  Plaintiff also

fails to provide record evidence to support her assertion that Mr. Canaday was not

---

[3] The Magistrate Judge set out and explained the three reasons Mr. Canaday did not interview Plaintiff.  (R&R at 6-7.)  These reasons are not disputed and are objectively reasonable business considerations.

[4] Plaintiff contends that Mr. Canaday told her she was not selected because she needed additional training and development, and that his failure to tell her about Mr. Budorick's recommendation of Ms. Hays demonstrates "that no recommendation for the hire of Debra Hays was made at the time of the promotion." (Objections to R&R at 8.)  Plaintiff's argument is not persuasive. Mr. Canaday's explanation to Plaintiff about why she was not selected for the promotion is consistent with his stated reason that she lacked experience, (see Canaday Dep. at 141-42), and he had no obligation to explain to her every reason why he hired Ms. Hays out of the nine individuals he interviewed for the open position.

permitted to consider his supervisor's recommendation.[5]  (See Canaday Dep. at

135 (stating the factors he considered to determine which applicants to interview

and that he interviewed Ms. Hays upon Mr. Budorick's recommendation), 163-64

(discussing Ms. Hays' and Plaintiff's qualifications).)

Plaintiff's other objections regarding her failure to promote claim concern the

Magistrate Judge's determination that Plaintiff has not demonstrated her

qualifications were superior to those of Ms. Hays.  For the reasons stated in the

R&R, (see R&R at 18-19), the Court finds Plaintiff failed to produce evidence that

her qualifications were equal or superior to those of Ms. Hays.[6]  Plaintiff, therefore,

_____

[5]  On its face, Mr. Canaday's consideration of his supervisor's
encouragement to interview and hire Ms. Hays is reasonable.

[6]  Plaintiff focuses on the fact that Mr. Canaday permitted her to apply for
the position and claims this evidences his belief "that she was fully qualified for the
position of Property Manager . . . ."  (Objections to R&R at 7-8.)  Plaintiff's
conclusory reasoning does not support an inference of discrimination.  Plaintiff
also relies in large part on her argument that Plaintiff's superior qualifications are
evidenced by Ms. Hays' failure to perform well in her new position after
promotion, and that Plaintiff "was required to do Debra Hays['] job up to the point
of her termination."  (Objections to R&R at 9-10.)  Plaintiff's argument fails
because (i) Plaintiff does not cite to any record evidence to support her assertion
that "Hays could not do the job," (id.), and (ii) even if supported by record
evidence, that Ms. Hays did or did not have difficulty performing the duties of her
new position fails to demonstrate Mr. Canaday did not believe Ms. Hays was better
qualified for the position at the time he made his promotion decision.

has failed to demonstrate Defendants' stated reasons for selecting Ms. Hays for promotion instead of Plaintiff were pretexts for discrimination.  Because no reasonable person could conclude that Defendants' decision not to promote Plaintiff was motivated by racial animus, Plaintiff's objections are OVERRULED.

2.     *Plaintiff's Retaliation Claims*

The parties do not dispute that the Magistrate Judge applied the correct legal standard to Plaintiff's retaliation claims.  The Magistrate Judge found (i) several of the alleged incidents of retaliation do not constitute adverse employment actions, (ii) Plaintiff's retaliatory failure to promote claim fails for the same reasons that her discriminatory failure to promote claim fails, and (iii) Plaintiff's retaliatory termination claim fails because she fails to demonstrate Defendants' legitimate, nondiscriminatory reasons for her termination were pretextual.  (R&R at 19-24.) Plaintiff claims, without citation to any legal authority or record evidence, that the Magistrate Judge erroneously determined there were no issues of material fact regarding whether Defendants' conduct was retaliatory.  (Objections to R&R at 12-15.)

Having reviewed Plaintiff's arguments *de novo*, the Court finds the Magistrate Judge correctly concluded that Plaintiff's retaliation claims do not

survive summary judgment.  The only alleged incidents sufficiently substantial to constitute adverse employment actions were Plaintiff's allegations regarding Defendants' failure to promote her and the termination of her employment.  (See R&R at 19-21.)  The Magistrate Judge concluded that Plaintiff's retaliatory failure to promote claim suffers from the same deficiency as her discriminatory failure to promote claim -- Plaintiff failed to establish Defendants' legitimate, nondiscriminatory reasons for the failure to promote her were pretextual.  (R&R at 21-22.)  This Court agrees this was the appropriate conclusion to reach.

The Court also agrees with the Magistrate Judge that Plaintiff failed to demonstrate that Defendants' stated reasons for terminating her employment were pretextual.  Defendants claim Plaintiff was discharged because they sold two of their Atlanta properties, this sale necessitated laying off Atlanta employees (minority and Caucasian), and Plaintiff's salary was high compared to other employees with similar responsibilities and capabilities.  (R&R at 24.)  Plaintiff has failed to provide any evidence or legal argument that Defendants' stated reasons for her discharge are pretexts for retaliation, and, for the reasons stated in the R&R, Defendants are entitled to summary judgment on this claim.  Accordingly, Plaintiff's objections are OVERRULED.

III.     **CONCLUSION**

For the reasons stated above,

**IT IS HEREBY ORDERED** that the Court **ADOPTS** the Magistrate

Judge's Report and Recommendation [46] and Defendants' Motion for Summary

Judgment [24] is **GRANTED**.  The Clerk is **DIRECTED** to enter judgment in

favor of Defendants.

**SO ORDERED**, this 28th day of March, 2006.


_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE